# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                              2:25-cr-215-KCD-NPM

**BLAKE HOOVER**

## COMPETENCY EXAMINATION ORDER

Hoover requests a competency examination, which we construe under 18 U.S.C. § 4241 as a motion for a competency hearing. We must set such a hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Reasonable cause turns on information presenting a "bona fide doubt" regarding the defendant's competence. *United States v. Wingo*, 789 F.3d 1226, 1236 (11th Cir. 2015). "There are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry …." *Drope v. Missouri*, 420 U.S. 162, 180 (1975). But our Constitution "jealously guards" an incompetent criminal defendant's fundamental right not to stand trial or be convicted. *Wingo*, 789 F.3d at 1235.[1]

---

[1] Unless otherwise noted, this order accepts all alterations and omits all citations, footnotes, and internal quotation marks when it quotes judicial decisions.

During his interview with our pretrial services officer, Hoover claimed that he had been hospitalized due to constant harassment by radio waves. State court records reflect that Hoover—who is currently 31 years old—has been involuntarily committed on three occasions. In a January 2017 petition for an involuntary substance-abuse assessment, his parents alleged that he exhibited paranoia and had been violent toward family members. In a September 2018 petition for an involuntary mental-health assessment, his mother described him as violent and erratic, and she alleged that Hoover believed the United States government was reading his dreams and that it was conducting Nazi-related research on him. A similar petition was filed in January 2019.

Hoover's mother also relayed to the pretrial services officer her belief that Hoover suffers from severe paranoid schizophrenia. By her account, she has tried to obtain mental-health treatment for him, but he is unwilling to participate. Instead, he self-medicates with unknown substances to manage symptoms that she believes are related to an undiagnosed mental-health condition. Finally, Hoover's attorney raises similar concerns. Based on their out-of-court interactions, his counsel asserts that Hoover "lacks the ability to confer with his Court-appointed attorney with a reasonable degree of rational understanding." (Doc. 32, ¶ 6). And it "is unlikely that defense counsel would improperly raise the question of competence…."

Jeffrey Manske & Mark Osler, *Crazy Eyes: The Discernment of Competence by A Federal Magistrate Judge*, 67 LA. L. REV. 751, 780 (2007).

"Prior to the date of the [competency] hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4241(b). Based on the pretrial services report and defense counsel's lay assessment, we find that Hoover needs an examination to determine if he suffers from a mental disease or defect that renders him incompetent to proceed to trial.

Accordingly, we **GRANT** Hoover's motion (Doc. 29) and **DIRECT** the Bureau of Prisons to conduct a mental health examination of Hoover. A psychiatric or psychological report must be prepared, pursuant to the provisions of section 4247(b) and (c), and filed with the court under seal within fourteen days from the completion of the examination. A copy of the report must be provided to counsel. The report must include: (a) Hoover's history and present symptoms; (b) a description of the psychiatric, psychological, and medical tests that were employed and their results; (c) the examiner's findings; and (d) the examiner's opinions as to Hoover's diagnosis and prognosis and whether he is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceeding against him or

to assist properly in his defense. The Department of Justice is responsible for payment of the services rendered in accordance with this order.

Within fourteen days of receiving the report, the parties are to file a joint memorandum discussing whether an evidentiary hearing should be set or whether further examination(s) may be desired. Pursuant to 18 U.S.C. § 3161(h)(1)(A), the delay resulting from the examination(s) and any resulting hearing is excluded from the calculation of time for speedy trial under the Speedy Trial Act.

**ORDERED** on October 27, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

c: United States Marshal